|   |   |   |
|---|---|---|
| 1 |  |  |
| 2 |  |  |
| 3 |  |  |
| 4 |  |  |
| 5 |  |  |
| 6 |  |  |
| 7 |  |  |
| 8 | IN THE UNITED STATES DISTRICT COURT |  |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |  |
| 10 | TAMARA LYNN FUTRELL, |  |
| 11 | Plaintiff, | No. 2:10-cv-2424 JAM KJN PS |
| 12 | v. |  |
| 13 | SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND |  |
| 14 | HUMAN SERVICES, |  |
| 15 | Defendant. | ORDER |
| 16 |  |  |
| 17 | TAMARA LYNN FUTRELL, |  |
|   | Plaintiff, | No. 2:10-cv-2425 JAM KJN PS |
| 18 |  |  |
| 19 | v. |  |
| 20 | SUPERIOR COURT OF SACRAMENTO COUNTY, |  |
| 21 | Defendant. | ORDER |
| 22 |  |  |
| 23 | TAMARA LYNN FUTRELL, |  |
|   | Plaintiff, | No. 2:10-cv-3475 JAM KJN PS (TEMP) |
| 24 | v. |  |
| 25 | STATE OF CALIFORNIA DEPARTMENT OF CHILD |  |
| 26 | PROTECTIVE SERVICES |  |

1

1  SACRAMENTO COUNTY,

2           Defendant.                    ORDER

3  _____/

4           As the caption set forth above reflects, plaintiff has filed three separate actions in this court.  All three actions are presently assigned to the same district judge and the same magistrate judge, and the actions numbered 2:10-cv-02424 JAM KJN PS and 2:10-cv-02425 JAM KJN PS were previously related through a Related Case Order entered in each of those actions.  Examination of the above-captioned actions reveals that they involve common questions of law and/or fact, and, accordingly, the actions are consolidated through this order pursuant to Federal Rule of Civil Procedure 42(a)(2).[1]

         Additionally, the undersigned previously granted plaintiff's application to proceed in forma pauperis in the actions numbered 2:10-cv-02424 JAM KJN PS and 2:10-cv-02425 JAM KJN PS, and also screened the complaints in those actions pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned dismissed the complaints in both of those actions without prejudice and provided plaintiff with an opportunity to file an amended complaint in each action.  Plaintiff failed to file an amended complaint in either action.  Thus, the undersigned could very-well recommend the dismissal of those actions.  However, out of an abundance of caution, the undersigned will provide plaintiff with one, *final* opportunity to file an amended complaint.

         Moreover, review of plaintiff's complaint in the action numbered 2:10-cv-03475 JAM KJN PS (TEMP) reveals that this complaint suffers from the same deficiencies identified in the other two actions.  Accordingly, the undersigned dismisses plaintiff's complaint in the action numbered 2:10-cv-03475 JAM KJN PS (TEMP) without prejudice pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff is directed to the screening orders entered in the other actions, which

---

[1] The undersigned need not address any potential concern regarding a magistrate judge's authority to effectuate a consolidation of cases that might impact a district judge's case load or calendars because all three actions here are already proceeding before the same district judge and magistrate judge.

2

plaintiff should review prior to filing an amended complaint.  (See <u>Futrell v. Sacramento County Dep't Health & Human Servs.</u>, 2:10-cv-02424 JAM KJN PS, Order, Feb. 14, 2011, Dkt. No. 4; <u>Futrell v. Sacramento County Superior Court</u>, 2:10-cv-02425 JAM KJN PS, Feb. 14, 2011, Dkt. No. 4.)

In light of the consolidation of the three cases effectuated by this order, plaintiff shall have 30 days to file a *single amended complaint* that addresses *all* of her claims against *all* of the defendants against whom plaintiff believes she can state claims.  Plaintiff shall file that amended complaint in the action numbered 2:10-cv-02424 JAM KJN PS.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint filed in the action numbered 2:10-cv-03475 JAM KJN PS (TEMP) is dismissed without prejudice.

2. The actions numbered 2:10-cv-02424 JAM KJN PS, 2:10-cv-02425 JAM KJN PS, and 2:10-cv-03475 JAM KJN PS (TEMP), which are already assigned to District Judge John A. Mendez and Magistrate Judge Kendall J. Newman, are consolidated pursuant to Federal Rule of Civil Procedure 42(a).

3. Henceforth, the caption on all documents filed in the consolidated cases shall be shown as No. 2:10-cv-02424 JAM KJN PS.  All future filings shall occur ONLY in the action numbered 2:10-cv-02424 JAM KJN PS.

4. The Clerk of Court is directed to administratively close Case Nos. 2:10-cv-02425 JAM KJN PS, and 2:10-cv-03475 JAM KJN PS (TEMP).

5. Plaintiff is granted 30 days from the date of this order to file a first amended complaint that is complete in itself and addresses all of her claims against all defendants .  The first amended complaint must bear the docket number 2:10-cv-02424 JAM KJN PS and must be entitled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance

////

with this order will result in a recommendation that this action be dismissed.[2]

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

////
////
////
////
////

---

[2] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

6. The Clerk of Court is directed to file this order in the actions numbered 2:10-cv-02424 JAM KJN PS, 2:10-cv-02425 JAM KJN PS, and 2:10-cv-03475 JAM KJN PS (TEMP).

IT IS SO ORDERED.

DATED: April 1, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE